Mugan v. Regan, Soper, Wells & Co.

---

M. A. MUGAN and her Husband, Respondents, v. REGAN, SOPER, WELLS & Co., Appellants.

Kansas City Court of Appeals, February 8, and March 7, 1892.

Contracts: PERFORMANCE: INSTALLMENTS OF PAYMENT. Where work is done under a contract providing for payment by installments at stated periods and the payments are not so made, the contractor may quit the work and then recover of the defaulting party for the amount done at the contract rates.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*W. A. Alderson*, for appellants.

These facts invoke the principle that when one sues on a contract he cannot recover unless the evidence

shows that he has performed all the obligations imposed on him by the contract. The paving work which was being done by appellants for which they used the crushed rock had not been completed, and the contract between respondents and appellants was still in force at the time the former "shut down," and refused to deliver more rock. The respondents may recover for rock furnished in the proper action therefor, but not in an action on the contract which they failed to perform. *Eyerman v. Cemetery Ass'n*, 61 Mo. 489; *Denny v. Kile*, 16 Mo. 450; *Marsh v. Richards*, 29 Mo. 99.

*James H. Harkless*, for respondents.

Where work is done under a contract which provides for payments at stated times, and the payments are not made, the contractor may quit the work, and he will then be entitled to recover for all that he has done, at the contract rates. *Bean v. Miller*, 69 Mo. 384.

GILL, J.—In the fall of 1889, the defendants were contractors engaged in paving Grand avenue from Twentieth street to the city limits of Kansas City. They had an agreement with plaintiff Mugan to furnish the necessary crushed stone, which was to be paid for at the rate of eighty-nine cents per cubic yard; "payments to be made on the first of each month for all stone delivered up to that time; and, in case it becomes necessary, the party of the first part (Mugan) may draw fifty per cent. on the fifteenth of each month." Plaintiff began the delivery of the stone the latter part of September, and continued till about November 25 following, when she refused to go further, or to deliver any more, for the alleged reason that defendants had failed to pay her as stipulated in the contract. She thereupon abandoned the work, and sued for the balance alleged to be

due on the stone delivered. On a trial by jury in the circuit court plaintiff had a verdict and judgment for the sum of $1,632.67, and defendants appealed.

Defendants' counsel thus pithily states the matter for decision: "The sole proposition which is submitted as a reason for reversing the judgment of the trial court is, that the evidence of the respondent showed that the respondent was herself in default under the contract, and, at the time of the institution and the trial of this cause, the respondent had not performed the obligations imposed on her by the contract, which were conditions precedent to her right to sue the appellants."

After a careful review of the testimony furnished in the record we discover no just ground for this contention. The plaintiff's evidence tends to prove a faithful compliance with the terms of the contract on her part until November 25, when she refused to deliver more stone, because defendants had failed to pay therefor as agreed. The jury under proper instructions found that plaintiff was not in default, but that defendants were; that they had not paid as they were required by the terms of the written contract. There was, too, ample evidence to justify the verdict. The law is that, where work is done under a contract providing for payment by installments at stated periods, and the payments are not so made, the contractor may quit the work, and then recover of the defaulting party for the amount done, at the contract rates. *Bean v. Miller*, 69 Mo. 384. Judgment affirmed. All concur.